UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARELIOUS REED,

          Plaintiff,

v.

WELLS FARGO BANK, N.A.,

          Defendant.

Case No. 2:21-cv-12146

HONORABLE STEPHEN J. MURPHY, III

/

**ORDER TRANSFERRING CASE TO THE UNITED STATES
DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

    Plaintiff recently sued Defendant Wells Fargo Bank for several claims that arose from his participation in Defendant's Guaranteed Automobile Protection service. *See* ECF 1, PgID 2–3. Plaintiff appeared to claim that he wanted to opt out of a class action that was pending in the Central District of California. *Id.* at 3; *see also Herrera v. Wells Fargo Bank, N.A.*, No. 8:18-cv-00332. Based on the Court's initial screening, venue is improper, and the Court will transfer the complaint to the Central District of California.

    Venue for a civil action in federal court is proper in the "district in which any defendant resides" or the "district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §§ 1391(b)(1)–(2). For venue purposes, a corporation is a resident in the district where it "is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2).

1

When venue is improper, the Court may, in the interests of justice, transfer the case to a district where it could have been brought. *See id*. § 1406(a). To that end, the Court may sua sponte transfer a case based on improper venue. *Carver v. Knox Cnty.*, 887 F.2d 1287, 1291 (6th Cir. 1989).

Here, the complaint alleged that Defendant resides in Allentown, Pennsylvania. ECF 1, PgID 2. But, based on the Court's review of public records, the information is incorrect; Defendant resides in San Francisco, California. *Herrera*, No. 8:18-cv-00332, ECF 42, PgID 217 (C.D. Cal. June 13, 2018). San Francisco is in the Northern District of California. 28 U.S.C. § 84(a).

Besides Defendant's residence, the interest of justice favors the Central District of California, which is where most of the relevant events appeared to have occurred. For one, the Central District is where Defendant bought and serviced the automobile loans under the Guaranteed Automobile Protection service. *Herrera*, No. 8:18-cv-00332, ECF 42, PgID 217 (C.D. Cal. June 13, 2018). For another, the Central District is where Defendant is litigating a class action lawsuit involving the Guaranteed Automobile Protection service. *Herrera*, No. 8:18-cv-00332, ECF 1 (C.D. Cal. Feb. 27, 2018). And no events occurred in the Eastern District of Michigan because Plaintiff bought the automobile at issue through a Lincoln dealer in Florida. ECF 1, PgID 3. Because a substantial part of the events that gave rise to the claim occurred in the Central District of California, not the Eastern District of Michigan, the Court will, in the interest of justice, exercise its discretion and transfer the case to that district for further consideration. 28 U.S.C. § 1406(a).

The Court's transfer order does not resolve Plaintiff's application to proceed in forma pauperis. ECF 2.

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court must **TRANSFER** the case to the United States District Court for the Central District of California.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 21, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 21, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager